**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TERRY L. SANDERS,**
    *Petitioner,*

v.                                                              **CIVIL ACTION NO. 3:13-cv-16**
                                                                     **(Judge Groh)**

**TERRY O'BRIEN,**
    *Respondent.*

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2241**

### I.   Procedural Background

On February 15, 2013, Petitioner Terry L. Sanders ("Petitioner"), a prisoner in federal custody, filed a *pro se* Petition (Doc. 1) under the provisions of 28 U.S.C. § 2241 challenging his sentence computation. Therein, Petitioner argues that he should be credited fourteen (14) months and twenty (20) days of his thirty (30) month federal sentence for time spent allegedly released in error. (Doc. 1, p. 8).

On March 5, 2013, Petitioner was granted leave to proceed *in forma pauperis* without assessment of an initial partial filing fee. (Doc. 14). On March 5, 2013, the undersigned performed a preliminary review of the file, and determined that a summary dismissal was not warranted at that time. (Doc. 15). The Respondent was then ordered to respond to the Petition, which it did on April 15, 2013 by filing a Motion to Dismiss, or in the Alternative for Summary Judgment ("Motion"), and a Memorandum in support thereof. (Doc. 31). On April 19, 2013, the undersigned issued a *Roseboro* Notice, and the Petitioner filed a reply to Respondent's Motion on April 26, 2013. (Doc. 35).

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

## II. **Statement of Facts**

In 2009, Petitioner was sentenced to two terms of incarceration. First, on February 19, 2009, pursuant to a conviction for Theft, among other charges, Petitioner was sentenced to two years incarceration on Texas state charges in Bell County, Texas. (Doc. 31-2 at 2). Second, on September 18, 2009, following his conviction for Conveying False Information Related to a Terrorist Incident, Petitioner was sentenced to 30 months incarceration on federal charges in the United States District Court for the Eastern District of Arkansas to run consecutively to Petitioner's term of state incarceration in Texas. (Doc. 31-2 at 18).

Petitioner was released from Texas state custody on February 2, 2011 following the completion of his state sentence on January 14, 2011. (Doc. 10-7 at 2). At that time, Petitioner was released on a "Promise to Appear Bond" in Webb County, Texas with instructions to appear in federal court in Craighead County, Arkansas of his own accord on February 28, 2011. (Doc. 31-2 at 29, 31). Petitioner did not appear in court in Arkansas on February 28 as ordered, and on July 11, 2011, the United States District Court for the Eastern District of Arkansas issued an Arrest Warrant pursuant thereto. (Doc. 10-9).

After his failure to appear in court in Arkansas, Petitioner, by his own admission, traveled to Miami, Florida. In Miami, Petitioner stayed with family and gained employment. (Doc. 10-3 at 7). On March 30, 2012, Petitioner was arrested in New York City, New York, and taken into the custody of the U.S. Marshal Service. (Doc. 10-9). On May 14, 2012, Petitioner was remanded to the custody of the Bureau of Prisons by order of the United States District Court for the Eastern

District of Arkansas to serve the sentence of incarceration to which he had been sentenced on September 18, 2009. (Doc. 31-2 at 33).

According to the Bureau of Prisons' sentence calculation, Petitioner's sentence commenced on March 30, 2012, the day that he was returned to federal custody. (Doc. 10-15 at 2). Petitioner was also given seventeen (17) days credit for the period of January 22, 2011 through February 2, 2011, during which period he was in the custody of the State of Texas following the expiration of his state sentence. *Id.* Petitioner now seeks to have the time period of February 3, 2011 through March 29, 2012, which the Petitioner calls time spent "at liberty," credited to his federal sentence. (Doc. 10 at 1).

### III. <u>Standard of Review</u>

A well-pleaded claim requires only a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 500 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted); *see also* F.R.Civ.P. 8(a)(2). In ruling on a motion to dismiss, a Court is "obliged to assume all facts pleaded by [the Petitioner] to be true." *Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (internal citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly* at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "Nor does a complaint suffice if it tenders naked assertions, devoid of further factual enhancement." *Id.* (quoting *Twombly* at 557).

3

## IV. Discussion

In his Petition, Petitioner claims that he is entitled to receive custody credit for the time he spent "at liberty" living and working in Miami, Florida. (Doc. 10-1 at 1). To support this assertion, he claims that he was released from custody on February 2, 2011 in error, and that it would be prejudicial for Petitioner to be made to serve his sentence "in installments." (Doc. 10-3 at 4). In his Response to the government's motion to dismiss, Petitioner further claims that it would be shocking to the contemporary conscience for Petitioner to be made to serve his whole sentence of incarceration after being allegedly released in error. (Doc. 35 at 13).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *see also Magana v. O'Brien*, 2012 WL 5331857, *3 (N.D.W.Va. October 26, 2012). According to the Bureau of Prisons, the agency responsible for preparing sentence computations, *see United States v. Wilson*, 503 U.S. 329, 331-332 (1992), Petitioner began to serve his federal sentence on March 30, 2012.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. 3835(b).

The government contends, and Petitioner does not dispute, that he spent the entire time period from February 2, 2011 to March 30, 2012, in which he was living and working freely in Miami, Florida, out of federal custody. (Doc. 31 at 4). However, Petitioner's claim is that he should receive credit toward his sentence not because he spent that time in federal custody, but

because he was allegedly released onto the streets in error. (Doc. 10-2 at 16).

Unfortunately for the Petitioner, even if this Court were to assume that Mr. Sanders was indeed released from federal custody in error, he still would not be entitled to relief. The Fourth Circuit has previously held that a convicted person's reincarceration following an erroneous release, even after enjoying that state of freedom for an exended period of time, does not violate his substantive due process rights unless it is 'shocking to the contemporary conscience.' *See Hawkins v. Freeman*, 195 F.3d 732, 741 (4th Cir. 1999); *see also Herndon v. Ziegler*, 2009 WL 5216979, *3 (N.D.W.Va. December 30, 2009) (holding that the BOP's reincarceration of a convict who had been previously been erroneously released from custody did not violate his due process rights). The Fourth Circuit's application of the 'shock the conscience' standard to cases of alleged erroneous release from custody places a very high burden on the Petitioner. *See Hawkins* at 746. To satisfy such a standard, a government action must be "infected or driven by something much worse - more blameworthy - than mere negligence, or lack of proper compassion, or sense of fairness, or than might invoke common law principles of estoppel or fair criminal procedure to hold the state to its error." *Id.*

Like the petitioner in *Herndon*, Petitioner has not alleged that the Bureau of Prisons harbored any vindictive or nefarious purpose in releasing or reincarcerating him. It is precisely that aforementioned "mere negligence" which the Petitioner alleges caused his erroneous release from federal custody. (Doc. 10 at 6). Specifically, Petitioner claims that the U.S. Marshall Service's alleged negligent performance of their duties resulted in his release. *See id.* While Petitioner asserts in his Reply that the denial of his Petition would be "shocking to the contemporary conscience," he does so as a bare conclusory assertion with no supporting facts as

5

to why this would be so. (Doc. 35 at 13). Petitioner's claim in this respect falls in the category of "naked assertions devoid of further factual enhancement" which the Supreme Court has held to be inadequate to state a claim for relief. *See Iqbal* at 678; *see also Twombly* at 557.

Assuming all factual allegations of the Petitioner to be true, the undersigned finds that it does not "shock the conscience" for the Petitioner to be required to serve the balance of his federal sentence. The Petitioner has failed to state a claim upon which relief can be granted, and the undersigned recommends dismissal of his Complaint.

### V. Recommendation

Based on the foregoing, it is recommended that the respondent's motion to dismiss (Doc. 30) be **GRANTED**, and the Petition be **DENIED AND DISMISSED WITH PREJUDICE.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his lat known address as reflected on the docket sheet and to counsel of record via electronic means.

Dated: 7-17-2013

_____
**DAVID J. JOEL**
**UNITED STATES MAGISTRATE JUDGE**