IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TERRY L. SANDERS,**

        Petitioner,

v.                                            CIVIL ACTION NO. 3:13-CV-16
                                                    (JUDGE GROH)

**TERRY O'BRIEN,**

        Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION IN PART AND DENYING AS MOOT THE PETITIONER'S REQUEST FOR JUDGMENT

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R & R") of United States Magistrate Judge David J. Joel. By Standing Order, this action was referred to Magistrate Judge Joel for submission of a proposed R & R. Magistrate Judge Joel filed his R & R [Doc. 38] on July 17, 2013. In the R & R, he recommends that this Court grant the Respondent's Motion to Dismiss [Doc. 30], and deny and dismiss the Plaintiff's Petition [Doc. 1] with prejudice.

On July 19, 2013, following the filing of the R & R, the Petitioner filed a Request for Judgment [Doc. 39]. In this request, the Petitioner asks that the Court "consider a judgment/report and recommendation on this matter as quickly as possible." *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Petitioner timely filed his objections on July 29, 2013 [Doc. 42]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which the Petitioner has objected. The Court will review the remainder of the R & R for clear error.

## II. Background

On September 18, 2009, the United States District Court for the Eastern District of Arkansas sentenced the *pro se* Petitioner to thirty months of imprisonment to run consecutively to a state sentence after the Petitioner pled guilty to a charge of Conveying False Information Related to a Terrorist Incident. ([Doc. 10-2] p. 1.) The Petitioner alleges that, when he completed his state sentence on January 14, 2011, he was transported with a detainer filed by the United States Marshals Service ("U.S.M.S.") to the Navarro County Jail in Texas to await transport to the Federal Bureau of Prisons. ([Doc. 10-7] pp. 1-2.) He further alleges that he was advised on January 21, 2011 that he was being sent to the Webb County Jail in Texas because the U.S.M.S. had not come for him. ([Doc. 10-2] p. 2.) The Petitioner avers that he arrived at the Webb County Jail on January 22, 1011, and,

on February, 2, 2011, "was given an un-conditional release" after being told that the U.S.M.S. "would not come transport [him] at that time." *Id.*

After being released on February 2, 2011, the Petitioner traveled to Miami, Florida. *Id.* The United States District Court for the Eastern District of Arkansas subsequently issued a warrant for the Petitioner's arrest that stated the Petitioner had failed to appear [Doc. 10-9]. Pursuant to this warrant, the Petitioner was arrested in New York on March 30, 2012, and was taken into federal custody. *Id.* The Bureau of Prisons calculated the Petitioner's sentence as having commenced on March 30, 2012, the date on which the arrest warrant was executed, and gave the Petitioner credit from January 22, 2011 through February 2, 2011. ([Doc. 10-15] p. 2.)

On February 15, 2013, the *pro se* Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody [Doc. 1], alleging that the Bureau of Prisons unlawfully computed his sentence thereby violating his due process rights. That same day, the Clerk's Office sent the Petitioner a Notice of Deficient Pleading [Doc. 4] that attached an approved § 2241 form [Doc. 4-1].

On March 4, 2013, the Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the approved form [Doc. 10]. His Petition raises four grounds for relief: (1) "The Bureau of Prisons unlawfully computed my sentence;" (2) "Petitioners erroneous release entitles him to credit for time served while at liberty;" (3) "Marshals neglect and undue delay in executing the courts order of September 18, 2009 is being held up against the Petitioner;" and (4) "Federal Bureau of Prisons extends the Petitioners original sentence of September 18, 2009 by 14 months and 20 days." *Id.* at 5-6. The Petitioner

3

argues that he should receive credit of fourteen months and twenty days toward his federal sentence for "the time he was at liberty due to the state and governments errors when he was erroneously released." *Id.* at 1, 8.

On April 15, 2013, the Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment and Response to Show Cause Order [Doc. 30]. On April 17, 2013, an accompanying ***Roseboro*** Notice was sent to the Petitioner [Doc. 32]. The Petitioner filed a response to the Respondent's motion on April 26, 2013 [Doc. 35]. The Respondent did not file a reply.

On July 17, 2013, the magistrate judge issued an R & R [Doc. 38]. Two days later, on July 19, 2013, the Petitioner filed a Motion for Judgment [Doc. 39] wherein he requests that the Court "consider a judgment/report and recommendation on this matter as quickly as possible." The Petitioner then filed objections to the R & R on July 29, 2013 [Doc. 42].

## III. <u>Analysis</u>

The magistrate judge recommended that this Court grant the Respondent's Motion to Dismiss and deny and dismiss the Petition with prejudice. The Petitioner has filed objections to the R & R's Standard of Review, Statement of Facts, and Discussion sections. The Court will accordingly review the portions of the R & R to which the Petitioner has objected *de novo*.

### A. Objection to the R & R's Standard of Review

The Petitioner objects to the R & R's Standard of Review as follows:

> It is clear that this Petitioner has not one time filed with this Court anything that is not factual proof. No untrue speculation has been claimed and the

4

> Exhibits back up all the claims in this case. The magistrate clearly cannot state that any naked assertions have been filed or claimed by this Petitioner but he can and must claim that the Respondent did claim on speculation and proven nothing to gain them a motion to dismiss.

([Doc. 42], p. 8.)

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. **Ashcroft v. Iqbal**, 556 U.S. 662, 678-79 (2009); **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007). In recognition of the Supreme Court's plausibility standard for evaluating a motion to dismiss, a complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.'" **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (quoting **Twombly**, 550 U.S. at 570 (emphasis added)). Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth. See *Iqbal*, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion to dismiss, the Court must assume all of the factual allegations are true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court may also consider facts derived from documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and

authentic," and facts subject to judicial notice under Federal Rules of Evidence 201. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Here, the R & R's Standard of Review accurately states the above legal principles. Moreover, the Petitioner's objection contests the application of the standard of review to his case rather than the accuracy of the law set forth here. The magistrate judge did not, however, apply the standard of review to this case in this section of the R & R. Accordingly, because the Standard of Review accurately sets forth the law and does not apply the standard to this case, the Court **OVERRULES** this objection.

### B. Objections to the R & R's Statement of Facts

The Petitioner has filed five objections to the Statement of Facts. The Court will set out the facts objected to, the substance of the objection, and then analyze each objection.

> **1. Objection to ([Doc. 38] p.2): "Petitioner was released from Texas state custody on February 2, 2011 following completion of his state sentence on January 14, 2011."**

The Petitioner contends that the magistrate judge "did not fully tell the complete story and it would make a difference here." ([Doc. 42] p. 2.) The Petitioner asserts that he completed his Texas state sentence on January 14, 2011, "was transported to the Navarro, Texas County Jail on the detainer that the United States Marshals filed on May 5, 2010," and was held there until January 21, 2011. *Id.* He avers that he was then transferred to the Webb County, Jail only after the U.S.M.S. "failed to properly do their duty." *Id.* The Petitioner asserts that, when he was held in custody on the U.S.M.S.

authentic," and facts subject to judicial notice under Federal Rules of Evidence 201. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Here, the R & R's Standard of Review accurately states the above legal principles. Moreover, the Petitioner's objection contests the application of the standard of review to his case rather than the accuracy of the law set forth here. The magistrate judge did not, however, apply the standard of review to this case in this section of the R & R. Accordingly, because the Standard of Review accurately sets forth the law and does not apply the standard to this case, the Court **OVERRULES** this objection.

### B. Objections to the R & R's Statement of Facts

The Petitioner has filed five objections to the Statement of Facts. The Court will set out the facts objected to, the substance of the objection, and then analyze each objection.

**1. Objection to ([Doc. 38] p.2): "Petitioner was released from Texas state custody on February 2, 2011 following completion of his state sentence on January 14, 2011."**

The Petitioner contends that the magistrate judge "did not fully tell the complete story and it would make a difference here." ([Doc. 42] p. 2.) The Petitioner asserts that he completed his Texas state sentence on January 14, 2011, "was transported to the Navarro, Texas County Jail on the detainer that the United States Marshals filed on May 5, 2010," and was held there until January 21, 2011. *Id.* He avers that he was then transferred to the Webb County, Jail only after the U.S.M.S. "failed to properly do their duty." *Id.* The Petitioner asserts that, when he was held in custody on the U.S.M.S.

detainer, his sentence started under 18 U.S.C. § 3585(a), and "from that point forward could not be stopped and re-started and the Petitioner cannot be made to do his sentence in installments and his sentence could not be extended from the date he went into official custody on January 14, 2011." *Id.* at 2-3.

Here, the Petitioner first objects that the Statement of Facts should have included that he was transported to the Navarro County Jail on a U.S.M.S. detainer. The Petition alleges that, on January 14, 2011, "the Petitioner was transported with the detainer filed May 5, 2010 by the U.S.M.S. to the Navarro County Jail to wait to be transported by the U.S.M.S. to the Federal Bureau of Prisons." ([Doc. 10-2] pp. 1-2.) The Court **SUSTAINS** this portion of the objection because, in ruling on a motion to dismiss, the Court must assume that all of the Petition's factual allegations are true. *See Edwards*, 178 F.3d at 243-44. As for the objection that the Statement of Facts did not state that the U.S.M.S. "failed to properly do their duty" and did not address the application of § 3585(a) to the Petitioner's case, these are allegations of conclusions–not facts–and therefore are not entitled to a presumption of truth when considering a motion to dismiss. *See Iqbal*, 556 U.S. at 678-79. Accordingly, the Court **OVERRULES** this portion of the objection.

> 2. **Objection to ([Doc. 38] p. 2): "Petitioner was released on a 'Promise to Appear Bond' in Webb County, Texas with instructions to appear in federal court in Craighead County, Arkansas of his own accord on February 28, 2011. Petitioner did not appear in court in Arkansas on February 28 as ordered, and on July 11, 2011, the United States District Court for the Eastern District of Arkansas issued an Arrest Warrant pursuant thereto."**

The Petitioner argues that he "was released on February 2, 2011 after another failure of the Marshals coming to transport him." ([Doc. 42] p. 3.) He asserts that he had

an Arkansas state charge pending from 2006 and that Arkansas issued a promise to appear bond "when it was clear the marshals were not going to come." *Id.* The Petitioner avers that he did not have to appear on February 28, 2011 because, on February 3, 2011, Arkansas dismissed his pending charge. *Id.* He asserts that he did not "fail to appear" in federal court on February 28, 2011 as he had no such federal charges or orders. *Id.* at 4.

Here, the Court finds that this objection has some merit. The Petition alleges that, while in the Webb County Jail, on February 2, 2011, he "was again advised that the Marshal Services would not come transport [him] and at that time [he] was given an unconditional release." ([Doc. 10-2] p. 2.) The Court must assume that these factual allegations are true. *See Edwards*, 178 F.3d at 243-44. Attached to the Petition, there is an arrest warrant issued on July 11, 2011 by the United States District Court for the Eastern District of Alabama that orders the Petitioner's arrest for failure to appear [Doc. 10-9]. Neither the warrant nor the Petition, however, provide any facts from which the Court could find that a Promise to Appear Bond was issued that required the Petitioner to appear in federal court on February 28, 2011. Thus, the Court **SUSTAINS** this objection as to the following portions of the statement at issue. The Court declines to adopt the R & R's statements that the "Petitioner was released on a 'Promise to Appear Bond' in Webb County, Texas with instructions to appear in federal court in Craighead County, Arkansas of his own accord on February 28, 2011" and that he "did not appear in court in Arkansas on February 28 as ordered" because the Petition contains no allegations that give rise to these facts. Indeed, the Petition alleges facts to the contrary, which the Court must assume are true. *See Edwards*, 178 F.3d at 243-44; ([Doc. 10-2] p. 2.) However, the

Court **OVERRULES** the objection as to the statement that "on July 11, 2011, the United States District Court for the Eastern District of Arkansas issued an Arrest Warrant" because this accurately summarizes the information in the warrant attached to the Petition.

> 3. **Objection to ([Doc. 38] p. 2): "After his failure to appear in court in Arkansas, Petitioner, by his own admission, traveled to Miami, Florida."**

The Petitioner asserts that "he did not ever 'fail to appear'" and "lived in Miami so he went home where he lives." ([Doc. 42] p. 4.) Here, the Petition states that the Petitioner traveled to Miami, Florida after he was released from custody on February 2, 2011. ([Doc. 10-1] p. 1.) Further, as noted above, the arrest warrant attached to the Petition indicates that it was issued because the Petitioner failed to appear in court [Doc. 10-9]. The Petition, however, does not indicate whether this failure to appear occurred before or after the Petitioner went to Miami. Accordingly, in assuming the truth of the Petition's factual allegations, the Court **SUSTAINS** this objection in part and **OVERRULES** it in part. The Court finds that this statement is accurate so far as it states that the Petitioner failed to appear in court in Arkansas and that the Petitioner traveled to Miami, Florida. Because the timing of these events is unclear, the objection is sustained as to that portion of this statement.

> 4. **Objection to ([Doc. 38] p. 3): "According to the Bureau of Prisons' sentence calculation, Petitioner's sentence commenced on March 30, 2012, the day that he was returned to federal custody."**

The Petitioner asserts that this statement implies that the magistrate judge "does agree that [his] sentence had started at some point in the past and then stopped and re-

started upon his re-arrest the second time on March 30, 2012." ([Doc. 42] p. 5.) He again avers that his sentence began on January 14, 2011 when he was placed in the Navarro County Jail. *Id.*

Here, this sentence accurately states the date on which the Bureau of Prisons' sentence calculation commenced the Petitioner's sentence. ([Doc. 10-15] p. 2.) As for the Petitioner's argument that his sentence instead began on January 14, 2011, this contention should not be included in the Statement of Facts because it is a legal conclusion that is not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678-79. Further, because this sentence merely reflects how the Bureau of Prisons calculated the Petitioner's sentence, any implication that the Petitioner argues the Court should draw regarding whether the magistrate judge agreed that his sentence started, stopped, and restarted is irrelevant to whether the statement to which the Petitioner objects is supported by the record. Because the R & R accurately states the date used to commence the Petitioner's sentence, the Court **OVERRULES** this objection.

> 5. **Objection to ([Doc. 38] p. 3): "Petitioner was also given seventeen (17) days credit for the period of January 22, 2011 through February 2, 2011, during which period he was in custody of the State of Texas following the expiration of his state sentence."**

The Petitioner argues that this statement "fails to address the Jan. 14, 2011 through Jan. 21, 2011 confinment [sic] where [he] was being held for the U.S. Marshal Services on the detainer filed May 5, 2010, in the Navarro County, Texas jail." ([Doc. 42] pp. 5-6.)

Here, the Bureau of Prisons gave the Petitioner seventeen days of credit to cover the time period from January 22, 2011 through February 2, 2011. ([Doc. 10-15] p. 2.) The

magistrate judge therefore accurately stated the credit applied to the Petitioner's sentence. The Petitioner's argument that this statement regarding how the Bureau of Prisons calculated his sentence fails to address the period during which he alleges he was held on a U.S.M.S. detainer is a legal argument regarding the Petitioner's allegations that the Bureau of Prisons should have computed his sentence differently. It therefore is not entitled to a presumption of truth and the magistrate judge need not have included it in his Statement of Facts. See *Iqbal*, 556 U.S. at 678-79. Accordingly, the Court **OVERRULES** this objection.

### C. Objections to the R & R's Discussion

The Petitioner has raised the following three objections to the R & R's Discussion:

1. "The magistrate fails to even address claims of the original complaint," such as Grounds Three and Four. "For the court to make this petitioner to pay the price of the Governments actions in it's self would be shocking to the contemporary conscience. Partly because it will be forcing the petitioner to have to do his sentence in installments."

2. The Petitioner contends that his case is different from the cases relied on by the magistrate judge in his R & R, *Hawkins v. Freeman*, 195 F.3d 732 (4th Cir. 1999) and *Herndon v. Ziegler*, No. 5:09CV50, 2009 WL 5216979 (N.D. W. Va. Dec. 30, 2009). He asserts that his "case is in fact different simply because he was placed into custody and his time started. So this would in fact with the Governments failures be shocking to the conscience."

3. The Petitioner objects to the portion of the R & R that states that, "[l]ike the petitioner in *Herndon*, Petitioner has not alleged that the Bureau of Prisons harbored any vindictive or nefarious purpose in releasing or reincarcerating him." He asks "the Court to take notice on page #9 of his response to the Respondents motion to dismiss and the Court can see that the Petitioner did in fact mean this very claim." He further asserts that "the Respondent has been nothing but vindictive towards the Petitioner in this case" and that "the magistrate's claim that the Petitioners claim in this respect fails in the category of 'naked assertions' is false and the evidence shows this a fact."

11

([Doc. 42] pp.8-13.)

The Petitioner asserts that he is entitled to credit toward his sentence for the time he spent "at liberty due to states and governments errors in erroneously releas[ing]" him from custody on February 2, 2011. ([Doc. 10] pp. 1, 8.) To this end, he raises four grounds for relief, all of which relate to the alleged unlawful computation of his sentence. *Id.* at 5-6.

A federal "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Credit for prior custody is applied to such sentences as provided for by § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

To obtain credit for time spent in the community due to an erroneous release before reincarceration, a convicted individual must show that the government's actions violated his substantive due process rights. *See* **Hawkins v. Freeman**, 195 F.3d 732, 741 (4th Cir. 1999) (citation omitted); *see also* **Herndon v. Zieglar**, No. 5:09CV50, 2009 WL 5216979, at *2-3 (N.D. W. Va. Dec. 30, 2009). The government's actions violate these rights only if they were "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." **Hawkins**, 195 F.3d at 741 (citation omitted); *see also*

12

*Herndon*, 2009 WL 5216979, at *2-3. To meet this high standard, the conduct at issue must be "infected or driven by something much worse–more blameworthy–than mere negligence, or lack of proper compassion, or sense of fairness, or than might invoke common law principles of estoppel or fair criminal procedure to hold the state to its error." *Hawkins*, 195 F.3d at 746.

In *Hawkins*, a state erroneously granted a petitioner parole. *Id.* at 736-37. After noticing the error, the state revoked the parole, arrested the petitioner, and reincarcerated him. *Id.* at 737. In finding that the state's actions did not "shock the conscience," the Fourth Circuit held:

> [T]he precise liberty interest asserted here—that of continuing in a state of freedom erroneously granted by government and enjoyed for a significant time by a convict who yet remains under an unexpired lawful sentence—cannot be found one of "those fundamental rights and liberties which are objectively 'deeply rooted in this Nation's history and tradition.'" Nor, unless possibly when solely animated by a vindictive or oppressive purpose that is not suggested here, could the executive act of re-imprisoning under such circumstances be declared "shock[ing to] the contemporary conscience."

*Id.* at 750 (internal citations omitted).

Similarly, in *Herndon*, Judge Stamp of the Northern District of West Virginia applied *Hawkins* to hold that it did not "shock the conscience" to require a petitioner who had been erroneously released "to serve the remainder of his undischarged federal sentence." 2009 WL 5216979, at *3. The *Herndon* petitioner was serving state sentences when he was sentenced on federal charges. *Id.* at *1. The United States Marshals Service thereafter issued a detainer regarding the federal sentence. *Id.*

When the petitioner was paroled from his state charges, state officials did not transfer the federal detainer, and the petitioner was erroneously released from custody. *Id.* The district court later issued a warrant for the petitioner's arrest. *Id.* He was arrested pursuant to this warrant and incarcerated to serve his federal sentence. *Id.* In finding that the Bureau of Prisons did not violate the petitioner's constitutional rights by requiring that he serve his remaining federal sentence, the court explained that "the failure to take the petitioner into federal custody upon his release from state custody was of no fault of the federal authorities, who properly filed a detainer with the state." *Id.* at *2-3.

As a primary matter, the objections that the Court sustained regarding the R & R's Statement of Facts do not impact the Court's analysis of the Petitioner's objections to the R & R's Discussion. The magistrate judge premised his Discussion on the assumption that the Petitioner "was indeed released from federal custody in error." ([Doc. 38] p. 5.) This assumption demonstrates that the magistrate judge assumed as true the Petitioner's allegation that he was transported to the Navarro County Jail on a U.S.M.S. detainer even though he did not include it in the Statement of Facts, as the Court noted earlier. Further, the statements that the Court found should not have been included in the Statement of Facts–that the "Petitioner was released on a 'Promise to Appear Bond' in Webb County, Texas with instructions to appear in federal court in Craighead County, Arkansas of his own accord on February 28, 2011," that he "did not appear in court in Arkansas on February 28 as ordered," and the timing of a failure to appear in Arkansas and the Petitioner's travel to Florida–had no bearing on the

magistrate judge's analysis because the Discussion focused on the Petitioner's allegations that he was held in federal custody, erroneously released, and reincarcerated and did not reference those statements *See* ([Doc. 10] pp. 4-6.)

Having thoroughly reviewed the record, the magistrate judge properly recommended that the Court grant the Motion to Dismiss because the Petition does not contain factual allegations sufficient to state a plausible claim that the Petitioner is entitled to the relief he seeks. *See Iqbal*, 556 U.S. 678-79; *Twombly*, 550 U.S. at 570. The Petitioner must have alleged sufficient facts showing that his erroneous release and reimprisonment "shock the contemporary conscience" such that they constituted more than "mere negligence" to have stated a claim where he can obtain credit for the time he spent "at liberty." *See Hawkins*, 195 F.3d at 741. The Petition alleges that the U.S.M.S. failed to pick him up and transport him to the Federal Bureau of Prisons, and that he was then "released in error because of the marshals failure." ([Doc. 10-1] pp. 1-4.) Like in *Hawkins*, allegations that the U.S.M.S. made mistakes do not "shock the contemporary conscience" as they evidence, at most, that the U.S.M.S. committed "mere negligence," not that the U.S.M.S. acted with a "vindictive or oppressive purpose." *See* 195 F.3d at 741, 750. Indeed, even the Petition characterizes the U.S.M.S. as acting with "neglect." ([Doc. 10] p. 6.) Although the Petitioner contends that requiring that he serve "his sentence in installments" as a result of being held in custody and then erroneously released shocks the conscience, as *Hawkins* demonstrates, requiring the Petitioner to serve the balance of a federal sentence after he enjoyed "a state of freedom erroneously granted" does not alone "shock the

15

contemporary conscience." See 195 F.3d at 750. Moreover, while the Court recognizes that this case is not identical to the underlying facts of *Hawkins* and *Herndon*, the Petitioner still must have alleged sufficient facts showing that he has a plausible claim that officials acted in a way that meets the "shocks the conscience" standard to survive a motion to dismiss. See *Iqbal*, 556 U.S. at 678-79. Because he has not done so here, the magistrate judge correctly recommended that the Court grant the Respondent's motion.

The remaining aspects of the objections asserted by the Petitioner do not alter the outcome in this case. First, in reviewing page nine of the Petitioner's Response to the Motion to Dismiss, the Court finds that the Petitioner has not pointed to any factual allegations that support his position that "the Respondent has been nothing but vindictive towards [him] in this case." ([Doc. 42] p. 12.) Page nine of his response asserts that he "is entitled to be credited with the time he was at liberty due to the Government[']s Mistakes." ([Doc. 35] p. 9.) As explained earlier, allegations that officials made mistakes do not state a plausible claim that officials acted with a "vindictive or oppressive" purpose that is "shock[ing to] the contemporary conscience." See *Hawkins*, 195 F.3d at 750. Additionally, although the R &R did not explicitly state that it was addressing grounds three and four of the Petition, the Court finds that the magistrate judge addressed these grounds as all of grounds set forth in the Petition relate to the Petitioner's contention that the Bureau of Prisons unlawfully computed his sentence by not giving him credit for the time he spent "at liberty." See ([Doc. 10] pp. 5-8); [Doc. 10-1].

In sum, the Petitioner has not alleged sufficient facts showing that he has a plausible claim that would entitle him to credit for the time he spent in the community between his release and reincarceration. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570. To obtain this relief, he must show that officials acted in a way that "shock[s] the contemporary conscience." *Hawkins*, 195 F.3d at 741. This standard requires that the Petitioner have alleged facts showing that officials committed more than "mere negligence," such as by acting with "a vindictive or oppressive purpose." *Id.* at 746, 750. The Petitioner, however, has only alleged that the U.S.M.S. made mistakes and has even characterized their actions as constituting "neglect" in his Petition. ([Doc. 10-1] pp. 1-4, 6.) The Court therefore finds that the magistrate judge properly concluded that the Petitioner failed to state a claim upon which relief can be granted. Accordingly, the Court **OVERRULES** the objections to the R & R's Discussion.

## IV. Conclusion

Upon careful review of the record, the Plaintiff's Objections are **SUSTAINED** in part and **OVERRULED** in part. Nevertheless, because the objections that the Court has sustained relate only to portions of the Statement of Facts section that do not impact the overall recommendation of the magistrate judge, the magistrate judge's Report and Recommendation should be, and hereby is, **ORDERED ADOPTED** for the reasons stated more fully therein but subject to the Court's rulings on the sustained objections to the Statement of Facts.

Accordingly, the Respondent's Motion to Dismiss is hereby **GRANTED**, and the Petition is **DENIED AND DISMISSED WITH PREJUDICE**. As such, the Court

**DIRECTS** the Clerk to enter judgment in favor of the Respondent and **DIRECTS** the Clerk that this case be closed and stricken from the active docket of this Court.

Finally, the Court **DENIES AS MOOT** the Petitioner's Request for Judgment because this Order disposes of this matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner.

**DATED**: November 5, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE